IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MICHELE D. GUTHRIE,**        CASE NO. 3:22 CV 1309

    Plaintiff,

    v.        JUDGE JAMES R. KNEPP II

**COMMISSIONER OF
SOCIAL SECURITY,**

    Defendant.        **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Michele D. Guthrie seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court vacate and remand the Commissioner's final decision. (Doc. 9). For the reasons set forth below, the Court sustains the Commissioner's objections, rejects the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in 2019, alleging a disability onset date of March 21, 2015. *See* Tr. 169. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on February 3, 2021, finding Plaintiff not disabled. (Tr. 10-25). This appeal ultimately followed. (Doc. 1).

Plaintiff raised one argument regarding the ALJ's decision. She stated the ALJ violated 20 C.F.R. § 404.1520c by improperly rejecting the reviewing state agency psychologists' opinions that Plaintiff was limited to superficial interaction with others. (Doc. 6, at 2).

In her R&R, Judge Armstrong concluded the ALJ "adequately addressed the consistency factor but failed to adequately address the supportability factor" when considering the state agency psychologists' opinions that Plaintiff was limited to superficial interactions. (Doc. 9, at 14-15). She recommends the Court vacate and remand the Commissioner's decision. *See* Doc. 9.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### DISCUSSION[1]

The Commissioner raises one objection to the R&R: that Judge Armstrong failed to read the ALJ's decision "as a whole," which adequately supported the omission of a limitation to superficial interaction. (Doc. 11, at 1) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001), and *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 455 (6th Cir. 2016)).

State agency psychological consultants Paul Tangeman, Ph.D., and Ryan Mendoza, Ph.D., opined Plaintiff was limited to superficial interaction with others. (Tr. 82, 96). The ALJ found their opinions mostly persuasive but rejected this particular social limitation; she therefore did not incorporate the limitation to superficial interactions in the Plaintiff's residual functional capacity ("RFC"). (Tr. 18-22).

Under 20 C.F.R. § 404.1520c, the Social Security Administration considers opinions from medical sources by supportability, consistency, relationship with the claimant, specialization, and other factors such as familiarity with other evidence. 20 C.F.R. § 404.1520c(c). When determining a claimant's RFC at Step Four of the evaluation process, an ALJ must, at minimum, explain how she considered a medical opinion source's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

The R&R determined that in her written decision, the ALJ "expressly referenced her early discussion of [Plaintiff's] limitations in interacting with others," where she cited Plaintiff's treatment records and hearing testimony, and "specifically discussed why [Plaintiff's] medical records do not support more than mild limitations on her ability to interact with others." (Doc. 9, at 15-16). The R&R also found it significant that "the ALJ's discussion of the state agency

---

1. Neither party objects Judge Armstrong's summary of the medical record. The Court need not repeat Plaintiff's medical history, which was thoroughly described by Judge Armstrong.

psychologists' opinions also came after the ALJ spent several pages summarizing [Plaintiff's] medical history and treatment records." *Id.* at 16. The R&R determined "the ALJ's conclusion is therefore supported by substantial evidence with respect to consistency." *Id.*

The R&R concluded the ALJ did not, however, "address supportability at all in her analysis." *Id.* at 17. The federal regulations state the following regarding supportability:

> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1). The R&R explained, "the ALJ did not actually discuss whether the explanations that the state agency psychologists provided and the evidence they relied on supported their conclusion that she was limited to superficial interactions with others." (Doc. 9, at 17). Instead, the R&R determined "the ALJ analyzed only whether the state agency psychologists' opinions were in line with other evidence in the record, not whether the opinions were supported by the evidence the state agency psychologists themselves relied on or the explanations they provided." *Id.* at 19.

The Commissioner argues the ALJ "relied on the evidence that Dr. Tangeman and Dr. Mendoza reviewed," which would go to supportability, rather than consistency. (Doc. 11, at 2-3) (citing Tr. 17, 20-21). The ALJ need not discuss supportability in a specific area of her decision in order to properly address the issue. *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 455 (6th Cir. 2016) ("reversal was not warranted [where] the ALJ's conclusion was sufficiently supported by factual findings elsewhere in the decision that need not be repeated"). But it should still be "clear which evidence [the ALJ] was referring to." *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016).

When discussing Plaintiff's limitations interacting with others, the ALJ generally cited Plaintiff's treatment records from St. Rita's Psychiatric Associates. (Tr. 17) (citing Exhibit 5F). A few pages later, the ALJ summarized these treatment records as to Plaintiff's mental status, depression, anxiety, mood, alertness, memory problems, and impression to others – all of which would impact her limitations interacting with others – in detail. (Tr. 20-21) (citing Exhibits 1F, 4F, 5F, 6F, 8F). The ALJ also cited and described Plaintiff's Adult Function Report. (Tr. 22) (citing Exhibit 4E). All of this evidence was referred to by the state agency psychologists. (Tr. 75, 89).

The ALJ several times specifically used the phrase "consistent with the record as a whole" in reference to the state agency psychologists' opinions, clearly indicating the consistency factor. (Tr. 22). But though the ALJ did not use "supported by the evidence cited", "unsupported by the evidence cited", or a similar phrase to explicitly flag that she was discussing the supportability factor, it is clear from the detailed description of the record evidence to which the state psychologists had access that the ALJ did review that evidence and its relevance to Plaintiff's RFC.

Whether a medical source's opinion is supported by the record may necessarily overlap with whether a medical source's opinion is consistent with the record, as the opinion's support will typically come from other evidence in the record. *See, e.g.*, *Schaefer v. Comm'r of Soc. Sec.*, 2022 WL 17400887, at *1 (N.D. Ohio) ("the ALJ explained that the record failed to document the extreme degree of limitations . . . and . . . [what a medical treating source's] own treatment notes documented . . . [s]o the ALJ articulated how he considered the consistency and supportability factors"); *Brock v. Comm'r of Soc. Sec.*, 368 F. App'x 622, 625 (6th Cir. 2010) ("the administrative law judge's findings challenge the supportability and consistency of Dr. Moore's diagnoses with the other evidence in the record"). By reviewing in detail the evidence which the state agency psychologists relied upon to form their opinions regarding Plaintiff's limitations interacting with

others, the Court finds the ALJ adequately addressed the supportability of those opinions as required by 20 C.F.R. § 404.1520c.

## CONCLUSION

For the foregoing reasons, the Commissioner's objections are SUSTAINED, Judge Armstrong's R&R (Doc. 9) is REJECTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE