IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MICHELE D. GUTHRIE,**     CASE NO. 3:22 CV 1309

   Plaintiff,

   v.     JUDGE JAMES R. KNEPP II

**COMMISSIONER OF
SOCIAL SECURITY,**

       **MEMORANDUM OPINION AND**
   Defendant.     **ORDER**

### INTRODUCTION

Plaintiff Michele D. Guthrie sought judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). After referral to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2), this Court sustained the Commissioner's objections to the R&R, rejected the R&R, and affirmed the Commissioner's decision. (Doc. 13). Now pending is Plaintiff's Motion to Alter or Amend the Judgment (Doc. 15), which the Commissioner opposed (Doc. 18). For the reasons set forth below, the Court denies Plaintiff's motion.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in 2019, alleging a disability onset date of March 21, 2015. *See* Tr. 169. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on February 3, 2021, finding Plaintiff not disabled. (Tr. 10-25). Plaintiff ultimately appealed to this Court. *See* Doc. 1.

Plaintiff's sole argument on appeal was that the ALJ improperly rejected the reviewing state agency psychologists' opinions that Plaintiff was limited to superficial interaction with others. (Doc. 6, at 2). The R&R concluded the ALJ "adequately addressed the consistency factor but failed to adequately address the supportability factor" of the state agency psychologists' opinions on that matter. (Doc. 9, at 14-15). The R&R recommended the Court vacate and remand the Commissioner's decision. *See* Doc. 9. The Commissioner raised one objection to the R&R: that it failed to consider the ALJ's decision "as a whole," which properly supported the omission of a limitation to superficial interaction. (Doc. 11, at 1). This Court sustained the Commissioner's objection, rejected the R&R, and affirmed the Commissioner's decision. *See* Doc. 13. Plaintiff's pending motion followed.

## STANDARD OF REVIEW

Motions for reconsideration are generally disfavored. *See, e.g.*, *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003). They should only be granted where the movant demonstrates "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

## DISCUSSION

Plaintiff argues this Court made a clear error of law by relying "on outdated case law that dealt with an obsolete regulation" and that her case should be remanded to the Commissioner for further proceedings. (Doc. 15, at 2-3).

When evaluating a medical opinion, an ALJ must, at minimum, explain her consideration of that medical opinion's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). In this case,

2

state agency psychological consultants Paul Tangeman, Ph.D., and Ryan Mendoza, Ph.D., opined Plaintiff was limited to superficial interactions with others. (Tr. 82, 96). The ALJ found their opinions mostly persuasive but rejected this particular limitation and did not incorporate it into Plaintiff's residual functional capacity ("RFC"). (Tr. 18-22). Plaintiff argued the ALJ improperly rejected this limitation. (Doc. 6, at 2). The R&R found that while the ALJ decision addressed the medical opinions' consistency, it did not address their supportability. (Doc. 9, at 17-19).

This Court found the ALJ had adequately addressed both factors and noted "[w]hether a medical source's opinion is supported by the record may necessarily overlap with whether a medical source's opinion is consistent with the record, as the opinion's support will typically come from other evidence in the record." (Doc. 13, at 5) (citing *Schaefer v. Comm'r of Soc. Sec.*, 2022 WL 17400887, at *1 (N.D. Ohio) and *Brock v. Comm'r of Soc. Sec.*, 368 F. App'x 622, 625 (6th Cir. 2010)). Plaintiff argues in her instant motion that the Court conflated the two factors and relied on inapplicable and outdated case law. *See* Doc. 15.

This Court did not, as Plaintiff argues, "creat[e] a judicial rule that relieves all ALJs from considering and discussing the supportability factor when analyzing state agency expert opinions." (Doc. 15, at 7). The Court found that, though the ALJ did not use the word "supportability", the ALJ had adequately considered and discussed that factor. Courts have frequently held the ALJ is not required to use the word "supportability" or "consistency" in order to properly make findings as to those factors. *See, e.g.*, *Lawrence v. Comm'r of Soc. Sec.*, 2023 WL 2246704, at *20 (N.D. Ohio) ("Although the ALJ did not use the term supportability or consistency in the above evaluation, the ALJ made findings relative to the opinion related to supportability and consistency."), *report and recommendation adopted*, 2023 WL 2242796; *Tyrone H. v. Comm'r of Soc. Sec.*, 2023 WL 2623571, at *8 (S.D. Ohio) ("though Plaintiff characterizes the ALJ's

3

discussion of the opinions as addressing only consistency, the ALJ addressed particular pieces of medical evidence upon which the state agency psychologists based their findings – the cornerstone of supportability"); *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 455 (6th Cir. 2016) ("reversal was not warranted [where] the ALJ's conclusion was sufficiently supported by factual findings elsewhere in the decision that need not be repeated"); *see also Garland v. Ming Dai*, 593 U.S. 357, 369 (2021) (an agency need not "follow a particular formula or incant 'magic words'" in order for its decision to be upheld by a reviewing court).

Supportability "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, 2021 WL 1697919, at *7 n.6 (N.D. Ohio) (citing SSR 96-2p). The law does not require "perfect diction" by an ALJ – only "enough context for the court to trace their reasoning." *Id.* (citing *Stacy v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011). The federal regulations address supportability as follows:

> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1).

This Court noted in its opinion that the ALJ summarized the medical evidence upon which the state agency psychologists based their opinions – the notes in Plaintiff's treatment records as to her mental status, depression, anxiety, mood, alertness, memory problems, and impression to others, and her Adult Function Report – in detail. (Doc. 13, at 5) (citing Tr. 17, 20-21, 22, 75, 89). The Court reiterates now that "[b]y reviewing in detail the evidence which the state agency psychologists relied upon to form their opinions regarding Plaintiff's limitations interacting with others, . . . the ALJ adequately addressed the supportability of those opinions as required" by the

4

5

regulations. *Id.* at 5-6. The medical evidence used by the state agency psychologists in forming their opinions is "the cornerstone of supportability." *Tyrone H.*, 2023 WL 2623571, at *8. Even without reference to the case law to which Plaintiff objects – the *Schaefer* and *Brock* opinions – this Court finds no circumstances which warrant altering or amending its prior judgment.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Alter or Amend the Judgment (Doc. 15) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE